UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-511-C**

**BEVERLY MALONE,** **PLAINTIFF,**

**V.**        **MEMORANDUM OPINION AND ORDER**

**JASON COOK, ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Julie DuVall, to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion as the plaintiff has failed to state a claim against Ms. DuVall upon which relief may be granted.

This case arises from a motor vehicle accident occurring in Louisville in August, 2003. Against Ms. DuVall, the plaintiff alleges common-law bad faith and violations of the Unfair Claims Settlement Practices Act ("UCSPA"). Under Federal Rule of Civil Procedure 12(b)(b), the court will grant a motion to dismiss only where the movant establishes beyond doubt that the plaintiff cannot prove any set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff, and the factual allegations in the complaint must be taken as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

Bad faith actions arise from the fiduciary duty owed by an insurance

company to its insured based on an insurance contract. *See Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000). Absent a contractual relationship, an insurance adjuster cannot be liable for common-law or statutory bad faith. *See id. See also, e.g., Wolverton v. Bullock*, 35 F. Supp. 2d 1278, 1281 (D. Kan. 1998); *Youngs v. Sec. Mut. Ins.* Co., 775 N.Y.S. 800, 801 (N.Y. Sup. Ct. 2004); *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 617-18 (S.C. 2003). The plaintiff attempts to save her UCSPA claim by arguing that under the plain language of the statute, K.R.S. § 304.12-320, "any person," including insurance adjusters, may be liable under the act. In 2000, the Kentucky Supreme Court held that, under the UCSPA, "person" referred to persons engaged in the business of entering into contracts of insurance. *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 98.

In this case, the plaintiff's complaint against Ms. DuVall arises from the fact that she attempted to adjust claims. There are no allegations that any contractual relationship existed. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (DE 2) is **GRANTED**. Julie DuVall is dismissed as a party to this case.

Signed on  October 25, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**

2